# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br>7500 Security Blvd.<br>Baltimore, MD 21244<br><br>U.S. DEPARTMENT OF LABOR,<br>200 Constitution Avenue NW<br>Washington, DC 20210<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue NW<br>Washington, DC 20224<br><br>*and*<br><br>CONSUMER FINANCIAL PROTECTION<br>BUREAU,<br>1700 G Street NW<br>Washington, DC 20552<br><br>*Defendants.* | Case No. 25-cv-2263 |

# COMPLAINT

1.      On January 20, 2025, President Trump issued an executive order to establish the "Department of Government Efficiency," purportedly "to implement the President's DOGE Agenda, by modernizing federal technology and software to maximize governmental efficiency and productivity."[1]

2.      The order designates "DOGE Teams" to push forward the DOGE Agenda.[2]

3.      These "DOGE Teams" are personnel deployed to or within each federal agency and vested with extraordinary and unprecedented authority to access key and often sensitive agency information, implement changes to agency contracts, oversee agency hiring and firing decisions, and more.[3]

4.      But the identity and qualifications of these powerful DOGE Team members within many agencies have remained shrouded from the public.

5.      For those agencies where DOGE Team members have been identified, a pattern has emerged. Despite the government's claims in other litigation that DOGE Teams are agency personnel who do not report to DOGE directly, in reality, the same small set of individuals—many of whom have ties to (and appear to be answering to) DOGE leadership—have been detailed to multiple agencies to serve on their DOGE Teams.

6.      The identities of all members of each agency's DOGE Team are particularly important in light of the position DOGE has taken in other litigation that it is not an agency subject to the Freedom of Information Act.

---

[1] *Establishing and Implementing the President's "Department of Government Efficiency,"* Exec. Order No. 14,158, 90 Fed. Reg. 8441 (Jan. 20, 2025), https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-02005.pdf.
[2] *Id.*
[3] *See id.*

7.      American Oversight submitted requests under the Freedom of Information Act, 5 U.S.C § 552 (FOIA), seeking to shed further light on the identities of the members of the DOGE Teams that have been deployed across the federal government to implement the President's DOGE Agenda.

8.      The public is entitled to know the identities of these agency DOGE Team members to understand who is wielding this vast power to remake the federal government, their qualifications to do so, and any potential conflicts of interest that may be influencing their unprecedented work.

*Establishment of the DOGE Teams*

9.      The newly established organization that is commonly referred to as the "Department of Government Efficiency" (DOGE) in fact involves at least three component entities,[4] although the executive order establishing DOGE does not elaborate on the precise nature or organizational structure of the entities or their relationship to one another.[5]

10.      First, the executive order renamed the existing U.S. Digital Service as the "United States DOGE Service" (USDS) and moved it out of the Office of Management and Budget to be a free-standing unit within the Executive Office of the President.[6]

11.      Second, the executive order created a temporary organization called "the U.S. DOGE Service Temporary Organization" (USDSTO).[7]

---

[4] This Complaint refers to USDS, USDSTO, and the agency DOGE Teams (all described below) collectively as "DOGE."
[5] *See supra* note 1.
[6] *Id.*
[7] *Id.*

3

12.    Third, the executive order required the creation of DOGE Teams within each federal agency. Specifically, it provided that, working in consultation with USDS, "each Agency Head shall establish within their respective Agencies a DOGE Team of at least four employees."[8]

13.    The executive order allowed that these DOGE Team members "may include Special Government Employees, hired or assigned within thirty days of the date of this Order" and required that "Agency Heads . . . select the DOGE Team members in consultation with the USDS Administrator."[9]

14.    The executive order also specified that "[e]ach DOGE Team will typically include one DOGE Team Lead, one engineer, one human resources specialist, and one attorney."[10]

*DOGE Teams' Authority and Activities*

15.    Subsequent executive orders granted significant authority to these agency DOGE Teams over major functions of the federal government, including the power to direct and prioritize the hiring of federal civil servants and oversee the execution and cancelation of contracts and payments by federal agencies.

16.    In an executive order issued on February 11, 2025, President Trump assigned DOGE Team Leads, in consultation with agency heads, to develop hiring plans for all career civil servants across the federal government.[11]

17.    The executive order mandated that DOGE Team Leads within agencies should be consulted in all "new career appointment hiring decisions."[12]

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative*, Exec. Order No. 14,210, 90 Fed. Reg. 9669 (Feb. 11, 2025), https://www.govinfo.gov/content/pkg/FR-2025-02-14/pdf/2025-02762.pdf.

[12] *Id.*

18.    The order provided that agencies may not "fill any vacancies for career appointments that the DOGE Team Lead assesses should not be filled, unless the Agency Head determines the positions should be filled,"[13] giving the DOGE Team Lead veto power over agency hiring that can only be overruled by, in many instances, a Cabinet-level official.

19.    In an executive order issued on February 26, 2025, President Trump tasked DOGE Team Leads with building a centralized system within each agency for the management and payment of government contracts, and to review all payments made by their assigned agency.[14]

20.    The executive order required DOGE Team Leads to work with their respective agency heads to "review all existing covered contracts and grants" made by the agency and to "terminate or modify" agency grants wherever possible.[15]

21.    The executive order further ordered agencies to freeze use of all agency-issued credit cards and to only allow expenses approved by the agency heads and DOGE Team Leads.[16]

22.    The executive order also mandated that DOGE Team Leads and agency heads review leases for federal property and determine which leases to terminate.[17]

23.    During its few months in existence, DOGE has exercised this extensive power to its zenith, throwing the federal government into chaos by forcibly cutting spending, canceling necessary federal contracts and building leases, gaining control over sensitive data systems, firing

---

[13] *Id.*

[14] *Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative*, Exec. Order No. 14,222, 90 Fed. Reg. 11095 (Feb. 26, 2025), https://www.govinfo.gov/content/pkg/FR-2025-03-03/pdf/2025-03527.pdf.

[15] *Id.*

[16] *Id.*

[17] *Id.*

thousands of mission-critical civil servants, and dismantling entire Congressionally-created agencies.[18]

24.    Despite the unprecedented power DOGE has wielded, much of its work—including the identities of the DOGE Team members who have been carrying out these efforts—has been done outside of public view.[19]

25.    Indeed, multiple organizations, including American Oversight, have brought suit seeking to force DOGE to comply with its transparency obligations.[20]

26.    DOGE continues to resist each such attempt at transparency.

27.    Yet the importance of transparency into DOGE's influence has only increased since American Oversight submitted the FOIA requests at issue in this case, as DOGE's footprint is set to grow even further: the White House's recent budget request shows that the administration seeks to expand the U.S. DOGE Service from an estimated 89 staffers to 150 employees total over the next fiscal year.[21]

---

[18] *See, e.g.*, Jeremy Herb et al., *'Just Never Been Anything Like DOGE': Inside Elon Musk's Turbulent Takeover of Government in Trump's First 100 Days*, CNN (Apr. 26, 2025, 10:30 AM), https://www.cnn.com/2025/04/26/politics/elon-musk-hostile-takeover-government-trump-100-days.

[19] *See, e.g.*, Kevin Collier, *Pressure Mounts on DOGE to Provide More Transparency into Its Inner Workings*, NBC News (Feb. 27, 2025, 5:32 PM), https://www.nbcnews.com/politics/doge/doge-elon-musk-lawsuit-order-testimony-foia-rcna194119.

[20] *See, e.g.*, First Am. Compl., *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 25-cv-409 (D.D.C. Mar. 5, 2025); Compl., *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 25-cv-1251 (D.D.C. Apr. 23, 2025); Compl., *Citizens for Resp.& Ethics in Wash. v. U.S. DOGE Service*, No. 25-cv-511 (D.D.C. Feb. 20, 2025); Am. Compl., *Ctr. For Biological Diversity v. Off. of Mgmt. & Budget*, No. 25-cv-00165 (D.D.C. Feb. 27, 2025); Am. Compl., *Project on Gov't. Oversight v. Trump*, No. 25-cv-527 (D.D.C. May 9, 2025).

[21] *See* Robin Bravender, *Budget Documents Reveal Plan to Grow DOGE*, Politico (June 3, 2025, 3:41 PM), https://www.politico.com/news/2025/06/03/budget-documents-reveal-plan-to-increase-doge-staffing-00382294.

*Agency DOGE Team Members*

28.     Despite the unprecedented impact that DOGE has had on federal government operations during its few months of existence, the executive branch has been committed to cloaking the details about DOGE's structure, operations, and activities—including basic information such as the identities of agency DOGE Team members—under a veil of secrecy.[22]

29.     For example, in a March town hall, the acting administrator of the U.S. General Services Administration (GSA) told agency employees that "[t]here is no DOGE team at GSA," contradicting employees who had seen individuals that they identified as DOGE staff at the agency's headquarters and described them as "a bunch of young kids working behind a secure area on the 6th floor."[23]

30.     Multiple agencies have already responded to FOIA requests identical to those at issue in this lawsuit. Of those responding agencies, the Department of the Interior, Centers for Disease Control and Prevention, Food and Drug Administration, and U.S. Customs and Border Protection (none of which are defendants here) have provided FOIA responses revealing to American Oversight that they do not have DOGE Teams within their respective agencies.[24]

---

[22] *See The People Carrying Out Musk's Plans at DOGE*, N.Y. Times (June 16, 2025), https://www.nytimes.com/interactive/2025/02/27/us/politics/doge-staff-list.html.

[23] Zoë Schiffer, *'We Don't Want an AI Demo, We Want Answers': Federal Workers Grill Trump Appointee During All-Hands*, Wired (Mar. 28, 2025, 7:43 PM), https://www.wired.com/story/gsa-staff-all-hands-meeting-ai/.

[24] *See* Final FOIA Response Letter from U.S. Dep't of the Interior to American Oversight (Apr. 3, 2025), *available at* https://www.documentcloud.org/documents/25952464-response-to-american-oversight-foia-request-to-department-of-the-interior-multi-doi-25-0654-nrr/; Final FOIA Response Letter from Ctrs. for Disease Control & Prevention to American Oversight (Mar. 25, 2025), *available at* https://www.documentcloud.org/documents/25952465-response-to-american-oversight-foia-request-to-the-cdc-multi-hhs-cdc-25-0663-nrr/; Final FOIA Response Email from Food & Drug Admin. to American Oversight (Mar. 19, 2025), *available at* https://www.documentcloud.org/documents/25952467-response-to-american-oversight-foia-request-to-the-fda-multi-hhs-fda-25-0667-nrr/; Final FOIA Response Email from Customs & Border Protection to American Oversight (Apr. 24, 2025), *available at*

31.     Meanwhile, the Trump Administration has claimed that nearly the entirety of DOGE's activities are attributable *not* to a centralized authority, but to the agency DOGE Teams.[25]

32.     In litigation filings, Amy Gleason—the acting USDS Administrator—has claimed that "[e]very member of an agency's DOGE Team is an employee of the agency or a detailee to the agency[.]"[26]

33.     Relatedly, in briefs filed in response to litigation, the government has argued that DOGE is not an "agency" because it lacks independent authority, and since DOGE Teams are supposedly agency employees, the authority of agency DOGE Teams is "irrelevant" to DOGE's agency status.[27]

34.     Agency DOGE Teams are often composed of the same individuals who are concurrently or sequentially detailed to half a dozen or more agencies.

35.     This structure obscures the DOGE Team members' chain of authority and accountability, including whether the members are reporting to their respective agency heads, or to a centralized DOGE authority.

36.     This lack of transparency and accountability is especially problematic considering many of the individuals known to be associated with DOGE, who are part of agency DOGE Teams

---

https://www.documentcloud.org/documents/25998802-no-records-response-from-various-agencies-regarding-doge-teams/. The FOIA requests submitted to these agencies are not at issue in this lawsuit.

[25] *See, e.g.*, Tierney Sneed, *Is DOGE Actually an Agency? The Answer Could Have Major Ramifications*, CNN (Mar. 30, 2025, 8:00 AM), https://www.cnn.com/2025/03/30/politics/doge-lawsuits-elon-musk-role.

[26] Zach Montague, *What Is DOGE? Trump Says One Thing, Government Lawyers Say Another*, N.Y. Times (Mar. 22, 2025), https://www.nytimes.com/2025/03/22/us/politics/what-is-doge-elon-musk-trump.html.

[27] *See, e.g.*, Defs.' Mem. in Opp'n to Pl.'s Mot. for Limited Disc. at 14, *Am. Oversight v. U.S. Dep't of Govt. Efficiency*, No. 25-cv-409 (D.D.C. June 16, 2025).

or are DOGE employees detailed to multiple agencies, are inexperienced and have not worked with the federal government before.

37.     For example, the government has asserted that Marko Elez is an employee of the Department of Labor, who is detailed to the Department of Health and Human Services (HHS) and to USDS.[28]

38.     In sworn responses to discovery requests, the Department of Labor (DOL) stated that it is "aware of four other agencies at which Mr. Elez is concurrently detailed to or otherwise employed, other than USDS."[29]

39.     Elez is a former employee at the Elon Musk-owned company SpaceX with a history of posting racist content on social media and was 25 years old when he took on substantive federal agency responsibilities.[30]

40.     Luke Farritor is an employee of the U.S. General Services Administration who is detailed to HHS as well as USDS.[31]

41.     Farritor has been granted access to at least a dozen sensitive data systems at HHS.[32]

42.     Farritor was previously also detailed to the Consumer Financial Protection Bureau (CFPB).[33]

---

[28] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 13, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).
[29] *Id.*
[30] *See* Katherine Long, *DOGE Staffer Resigns Over Racist Posts*, Wall St. J. (Feb. 7, 2025, 10:46 AM), https://www.wsj.com/tech/doge-staffer-resigns-over-racist-posts-d9f11a93.
[31] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 8, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).
[32] *Id.*
[33] *Id.* at 14.

43.    Farritor has also reportedly been granted access to the Department of Energy's IT system, over the objections of the department's general counsel and chief information officer.[34]

44.    Farritor is a former intern at the Elon Musk-owned company SpaceX who does not have previous experience handling classified information and was 23 years old when he took on substantive agency responsibilities.[35]

45.    Kyle Schutt is an employee of GSA, who has also been detailed to HHS and USDS.[36]

46.    Schutt has also been listed as a staff member at the Cybersecurity and Infrastructure Security Agency (CISA).[37]

47.    Schutt is a former employee of WinRed, an internet fundraising platform for Republicans,[38] whose login credentials have appeared in multiple public leaks tied to information-stealing malware.[39]

48.    Jordan Wick was a USDS employee detailed to CFPB; at some point, this status reversed, and he became a CFPB employee detailed to USDS.[40]

---

[34] Ella Nilsen & Sean Lyngaas, *Trump Energy Secretary Allowed 23-Year-Old DOGE Rep to Access IT Systems Over Objections from General Counsel*, CNN (Feb. 7, 2025, 2:54 PM), https://www.cnn.com/2025/02/06/climate/doge-energy-department-trump/index.html.
[35] *See* Geoff Brumfiel & Jenna McLaughlin, *DOGE Employees Gain Accounts on Classified Networks Holding Nuclear Secrets*, NPR (April 28, 2025, 7:26 PM), https://www.npr.org/2025/04/28/nx-s1-5378684/doge-energy-department-nuclear-secrets-access.
[36] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 12, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).
[37] *See* Kim Zetter, *DOGE Now Has Access to the Top US Cybersecurity Agency*, Wired (Feb. 19, 2025, 8:59 PM), https://www.wired.com/story/doge-cisa-coristine-cybersecurity/.
[38] *See id.*
[39] *See* Dan Goodin, *DOGE Software Engineer's Computer Infected by Info-Stealing Malware*, Ars Technica (May 8, 2025, 2:27 PM), https://arstechnica.com/security/2025/05/doge-software-engineers-computer-infected-by-info-stealing-malware/.
[40] Defs.' Objs. and Resps. to Ps' Reqs. for Expedited Disc. at 14, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

49.    CFPB has stated that "Wick is an employee at one other agency and detailed to at least six agencies besides CFPB and USDS."[41]

50.    Records already received by American Oversight in response to FOIA requests identical to those at issue in this lawsuit have identified Wick as a DOGE detailee at the U.S. Department of Agriculture (USDA).[42]

51.    Wick is the subject of a whistleblower complaint related to efforts to delete system logs and open back doors into the case management system at the National Labor Relations Board to send "massive amounts" of protected sensitive federal agency data outside of the agency.[43]

52.    Edward Coristine is a former employee of GSA, who has also been detailed to both HHS and USDS.[44]

53.    Coristine has also reportedly gained physical access to CISA and has an email address from the Department of Homeland Security (DHS).[45]

54.    Coristine most recently joined the Social Security Administration (SSA) as a "special government employee."[46]

---

[41] *Id.* at 19.

[42] *See* Final FOIA Response Letter from U.S. Dep't of Agriculture to American Oversight (Apr. 10, 2025), *available at* https://www.documentcloud.org/documents/25952466-response-to-american-oversight-foia-request-to-the-department-of-agriculture-multi-usda-25-0652-a/.

[43] *See* Stephen Fowler & Jenna McLaughlin, *Top House Democrat Asks Microsoft About DOGE Code Allegedly Tied to NLRB Data Removal*, NPR (June 16, 2025, 11:54 AM), https://www.npr.org/2025/06/16/nx-s1-5435330/congress-doge-nlrb-whistleblower-github.

[44] Defs.' Objs. and Resps. to Pls' Reqs. for Expedited Disc. at 10, *AFL-CIO v. Dep't of Labor*, 25-cv-0339 (D.D.C. Mar. 29, 2025).

[45] David DiMolfetta, *DOGE Employee Edward Coristine Lands at CISA with DHS Email*, NextGov (Feb. 19, 2025), https://www.nextgov.com/cybersecurity/2025/02/doge-employee-edward-coristine-lands-cisa-dhs-email/403126/.

[46] *See* Chris Cameron & Nicholas Nehamas, *Key Member of Musk's DOGE Moves to Social Security*, N.Y. Times (June 26, 2025), https://www.nytimes.com/2025/06/24/us/politics/big-balls-edward-coristine-musk-doge.html.

55.     Coristine is known by the online pseudonym "Big Balls," and was most recently a college student at Northeastern University and former intern at the Elon Musk-owned company Neuralink.[47] He was 19 years old at the time he was given the responsibilities of a special government employee at the SSA.[48]

56.     These are just a handful of DOGE staff about whom the government has been forced to release information. It is critical for the public to know the identities of *all* agency DOGE Team members in order to understand DOGE's operations, including potential significant conflicts of interest by the DOGE Team members as they reshape federal agencies.[49]

*American Oversight's FOIA Requests*

57.     On March 12, 2025, American Oversight submitted FOIA requests to thirty federal agencies seeking records reflecting the identities and titles of the individuals serving on the respective agencies' DOGE Teams.

58.     Plaintiff American Oversight now brings this action against the U.S. Department of Health and Human Services (HHS), the Centers for Medicare and Medicaid Services (CMS), the U.S. Department of Labor (DOL), the U.S. Department of the Treasury (Treasury), the Internal Revenue Service (IRS) and the Consumer Financial Protection Bureau (CFPB) under FOIA, 5

---

[47] *See id; see also* Raphael Satter, *Exclusive: DOGE Staffer, 'Big Balls,' Provided Tech Support to Cybercrime Ring, Records Show*, USA Today (Mar. 26, 2025, 7:11 AM), https://www.usatoday.com/story/news/politics/2025/03/26/doge-staffer-big-balls-edward-coristine/82667607007/.
[48] *Id.*
[49] *See, e.g.*, Jake Pearson, *DOGE Aide Who Helped Gut CFPB Was Warned About Potential Conflicts of Interest*, ProPublica (May 7, 2025, 6:00 AM), https://www.propublica.org/article/cfpb-gavin-kliger-doge-conflict-of-interest-consumer-financial-protection-bureau; Desmond Butler et al., *DOGE Has the Keys to Sensitive Data that Could Help Elon Musk*, Wash. Post (June 30, 2025), https://www.washingtonpost.com/investigations/interactive/2025/musk-doge-personal-data-tesla-companies/.

U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records related to the identities of the "DOGE Teams" operating in their respective agencies.

## JURISDICTION AND VENUE

59.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

60.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

61.    Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

62.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

63.     Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

64.     Defendant Centers for Medicare and Medicaid Services (CMS) is headquartered in Baltimore, MD, and is a component of HHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), which is headquartered in Washington, D.C. CMS has possession, custody, and control of records that American Oversight seeks.

65.     Defendant U.S. Department of Labor (DOL) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOL has possession, custody, and control of records that American Oversight seeks.

66.     Defendant U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records that American Oversight seeks.

67.     Defendant Internal Revenue Service (IRS) is a component of Treasury, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. IRS has possession, custody, and control of records that American Oversight seeks.

68.     Defendant Consumer Financial Protection Bureau (CFPB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. CFPB has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

69.    On March 12, 2025, American Oversight submitted two FOIA requests to each of thirty federal agencies seeking records related to the identities of the individuals serving on the agency DOGE Teams established by President Trump's January 20, 2025, executive order. The two requests were identical in content. The first request was sent to twenty agencies. *See* Exhibit A. The second request was sent to an additional ten agencies. *See* Exhibit B.

70.    As of this filing, nine agencies have provided a substantive response to these FOIA requests.

71.    Among the responses that American Oversight has received, four agencies—the Department of the Interior, Centers for Disease Control and Prevention, Food and Drug Administration, and U.S. Customs and Border Protection—have provided FOIA responses revealing that they do not have DOGE Teams within their respective agencies.[50]

72.    Other agencies that have produced lists of DOGE Team members and their titles in response to American Oversight's FOIA requests.

73.    For example, USDA responded on April 10, 2025, and identified five individuals as agency DOGE Team members, including "(1) Michael Cole, Senior Advisor on Government

---

[50] *See* Final FOIA Response Letter from U.S. Dep't of the Interior to American Oversight (Apr. 3, 2025), *available at* https://www.documentcloud.org/documents/25952464-response-to-american-oversight-foia-request-to-department-of-the-interior-multi-doi-25-0654-nrr/; Final FOIA Response Letter from Ctrs. for Disease Control & Prevention to American Oversight (Mar. 25, 2025), *available at* https://www.documentcloud.org/documents/25952465-response-to-american-oversight-foia-request-to-the-cdc-multi-hhs-cdc-25-0663-nrr/; Final FOIA Response Email from Food & Drug Admin. to American Oversight (Mar. 19, 2025), *available at* https://www.documentcloud.org/documents/25952467-response-to-american-oversight-foia-request-to-the-fda-multi-hhs-fda-25-0667-nrr/; Final FOIA Response Email from Customs & Border Protection to American Oversight (Apr. 24, 2025), *available at* https://www.documentcloud.org/documents/25998802-no-records-response-from-various-agencies-regarding-doge-teams/.

Efficiency; (2) Daniel Abrahamson, Senior Advisor on Government Efficiency; (3) Jeremy Lichtman, Advisor on Government Efficiency; Timothy Ronan, Special Advisor; and (5) Samuel Berry, Special Advisor."[51]

74.     USDA also stated that "USDA's DOGE team has two detailees from other agencies—Jordan Wick and Gavin Kliger."[52]

75.     The U.S. Department of Justice (DOJ) responded on May 9, 2025, and identified eight individuals as members of DOJ's DOGE Team, including Jolene Ann Lauria, James McHenry, Vetan Kapoor, Sean Day, Michael J. Williams, William N. Taylor II, Christopher C. Alvarez, and Melinda Rogers.[53]

76.     The remaining twenty-one agencies have failed to respond. Six of those agencies are defendants in this lawsuit.

### First Request

77.     On March 12, 2025, American Oversight submitted a request to twenty federal agencies, including Defendants HHS, DOL, Treasury, and CFPB, bearing internal American Oversight tracking number MULTI-25-0640-0659, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records sufficient to identify the names and titles of all individuals selected by your agency to serve on your agency's DOGE team.

*See* Exhibit A.[54]

---

[51] *See* Final FOIA Response Letter from U.S. Dep't of Agriculture to American Oversight (Apr. 10, 2025), *available at* https://www.documentcloud.org/documents/25952466-response-to-american-oversight-foia-request-to-the-department-of-agriculture-multi-usda-25-0652-a/.
[52] *Id.*
[53] *See* Final FOIA Response Email from U.S. Dep't of Justice to American Oversight (May 9, 2025), *available at* https://www.documentcloud.org/documents/25999052-doj-records-concerning-doge-teams-at-the-agency/.
[54] The other agencies who received this request are not Defendants in this lawsuit.

HHS Request

78.    On March 12, 2025, HHS acknowledged receipt of this request by email and assigned it agency tracking number 2025-01987-FOIA-OS. *See* Exhibit C.

79.    On April 7, 2025, HHS again acknowledged receipt of this request, this time by formal letter. The letter stated that American Oversight's FOIA request "require[s] a search in another office, [such that] 'unusual circumstances' apply to [the] request," which "automatically extend[s] the time limit to respond to your request for ten additional days." The letter continued that HHS "estimate[d] needing more than 10 additional days to respond to [the] request and so . . . offer[ed] [American Oversight] and opportunity to narrow [its] request[.]" It further noted that American Oversight's request had been assigned to the agency's internally designated "complex track" for FOIA processing. *See* Exhibit D.

80.    As of the date of this Complaint, American Oversight has received no further communications from HHS regarding this FOIA request.

DOL Request

81.    On March 14, 2025, DOL acknowledged receipt of this request and assigned it agency tracking number 2025-F-09043. *See* Exhibit E.

82.    On April 21, 2025, DOL again acknowledged receipt of this request and stated that it "is currently unable to respond to [American Oversight's] request within the standard time limits established by FOIA." It continued that "[t]his request has been classified as 'complex' due to 'unusual circumstances,' specifically the need to search through hundreds of thousands of records," and stated that American Oversight's request "involves a need to search for and collect records from multiple locations[.]" It further "encourage[d] [American Oversight] to consider narrowing the scope" of its request. *See* Exhibit F.

83.     As of the date of this Complaint, American Oversight has received no further communications from DOL regarding this FOIA request.

Treasury Request

84.     On March 13, 2025, Treasury acknowledged receipt of this request and assigned it agency tracking number 2025-FOIA-01657. This acknowledgement stated that "unusual circumstances exist regarding the search for and review of potentially responsive records which may delay our response," and that such circumstances "may include the need to consult with multiple program offices, to review a voluminous quantity of records, or to search for records stored in multiple locations." It further "invite[d]" American Oversight to "discuss limiting the scope of [its] request." *See* Exhibit G.

85.     As of the date of this Complaint, American Oversight has received no further communications from Treasury regarding this FOIA request.

CFPB Request

86.     On March 12, 2025, CFPB acknowledged receipt of this request and assigned it agency tracking number CFPB-2025-0587-F. *See* Exhibit H.

87.     As of the date of this Complaint, American Oversight has received no further communications from CFPB regarding this FOIA request.

*Second Request*

88.     On March 12, 2025, American Oversight submitted a request to ten federal agencies, including Defendants CMS and IRS, bearing internal American Oversight tracking number MULTI-25-0660-0669, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records sufficient to identify the names and titles of all individuals selected by your agency to serve on your agency's DOGE team.

*See* Exhibit B.[55]

<u>CMS Request</u>

89.    On March 14, 2025, CMS acknowledged receipt of this request and assigned it agency tracking number 031220257051. *See* Exhibit I.

90.    As of the date of this Complaint, American Oversight has received no further communications from CMS regarding this FOIA request.

<u>IRS Request</u>

91.    On March 12, 2025, IRS acknowledged receipt of this request and assigned it agency tracking number 2025-11031.  *See* Exhibit J.

92.    As of the date of this Complaint, American Oversight has received no further communications from IRS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

93.    As of the date of this Complaint, Defendants have failed to either: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

94.    More than 30 working days have passed since all FOIA requests at issue in this lawsuit were filed.

---

[55] The other agencies who received this request are not Defendants in this lawsuit.

95.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

96.     American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

97.     American Oversight properly requested records within Defendants' possession, custody, and control.

98.     Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

99.     Defendants have failed to promptly and adequately search for agency records that are responsive to American Oversight's FOIA requests.

100.    The failure of Defendants to conduct adequate searches for responsive records violates FOIA.

101.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

102.    American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

103.    American Oversight properly requested records within Defendants' possession, custody, and control.

104.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

105.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

106.    The failure of Defendants to provide all non-exempt responsive records violates FOIA and applicable regulations.

107.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable

attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: July 16, 2025                                        Respectfully submitted,

                                                            */s/ Elizabeth Haddix*
                                                            Elizabeth Haddix
                                                            D.C. Bar No. 90019750
                                                            Jessica Jensen
                                                            D.C. Bar No. 1048305
                                                            AMERICAN OVERSIGHT
                                                            1030 15th Street NW, B255
                                                            Washington, DC 20005
                                                            (252) 359-7424
                                                            elizabeth.haddix@americanoversight.org
                                                            *Counsel for Plaintiff*